UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRISMA KNOX,

       *Plaintiff*,

  v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS and NICHOLAS
CALICCHIO,

       *Defendants*.

No. 25-cv-1293 (MEF)(MAH)

<u>OPINION and ORDER</u>

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

\* \* \*

A woman[1] ("the Plaintiff") sued her Employer[2] and her Supervisor,[3] alleging "discrimination, harassment, and retaliation." Complaint and Jury Demand ("Complaint") (ECF 1) ¶¶ 9-11, 15.

The Employer and the Supervisor now move to dismiss some of the Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). <u>See</u> Brief in Support of Defendants' Partial Motion to Dismiss the Complaint Pursuant to Rule Fed. R. Civ. P. 12(b)(1), and 12(b)(6) ("Defendants' Brief") (ECF 7-1) at 1.

---

[1] Trisma Knox.
[2] New Jersey Department of Corrections.
[3] Nicholas Calicchio.

The motion is mainly granted.

\*   \*   \*

First, consider the Plaintiff's claims for breach of the implied covenant of good faith and fair dealing.  See Complaint ¶¶ 79-82.

The Employer, the New Jersey Department of Corrections, argues that this claim cannot go forward because it is protected by sovereign immunity.  See Defendants' Brief at 8-9.

This has it right.

Under the Constitution, "states [are] generally immune from suit by private parties in federal court." MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).  "This immunity extends to state . . . departments." Id.  And that includes the New Jersey Department of Corrections.  See Fox v. Bayside State Prison, 726 F. App'x 865, 867-68 (3d Cir. 2018) (so holding).[4]

As to the Supervisor, who also works for the New Jersey Department of Corrections[5] --- he argues that because the Department gets immunity, he (the Supervisor) is shielded by immunity, too.  See Defendants' Brief at 5-6, 8-9.

This argument works.  The Supervisor is taken as having been sued here in his official capacity.[6]  And "[i]ndividual state employees sued in their official capacity are . . . entitled to . . . [sovereign] immunity because official-capacity suits generally represent only another way of pleading an action

---

[4] Accord, e.g., Jones v. DiBenedetto, 2025 WL 1040387, at \*2 (D.N.J. Apr. 8, 2025); Graham v. New Jersey, 2022 WL 4010856, at \*5 (D.N.J. Sept. 2, 2022); Tellus v. Murphy, 2025 WL 3707430, at \*3 (D.N.J. Dec. 22, 2025).

[5] See Complaint ¶ 3.

[6] The complaint does not explicitly indicate whether the Supervisor is sued in his official or personal capacity.  But in their brief, the Defendants said that the Supervisor is sued in "his official capacity," Defendants' Brief at 5-6, and the Plaintiff did not challenge this characterization in her reply. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (noting that courts can refer to the "course of [the] proceedings" to determine the capacity in which a given defendant has been sued) (cleaned up).

against the state." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) (cleaned up).

Bottom line: the Employer, the New Jersey Department of Corrections, gets sovereign-immunity protection from the implied covenant claim --- and drafting behind, so does the Supervisor, the New Jersey Department of Corrections employee.[7]

\*  \*  \*

Come now to the Plaintiff's claims that the Employer violated the Age Discrimination in Employment Act and the Americans with Disabilities Act, two federal laws. See Complaint ¶¶ 56-60, 67-72.

As to these claims, the Employer again points to sovereign immunity, see Defendants' Brief at 4-6,[8] but the Plaintiff has a counterargument: sovereign immunity is off the table because she is looking for "injunctive relief . . . to end continuing or ongoing violations of federal law." Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Plaintiff's Brief") (ECF 9) at 4.

---

[7] Against this conclusion, the Plaintiff argues that New Jersey has given up its immunity as to implied covenant claims, via the New Jersey Contractual Liability Act. See Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) (ECF 9) at 8-9 (citing N.J. Stat. Ann. § 59:13-3). But that Act only applies to lawsuits brought in New Jersey state courts. See NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of N.J., Inc., 979 F. Supp. 2d 513, 518-20 (D.N.J. 2013); Winfield Scott Tower Urb. Renewal LP v. Luciani, 2024 WL 4570908, at *4 n.5 (D.N.J. Oct. 24, 2024) (following NJSR); Prelle v. U.S. Mint, 2024 WL 4898064, at *6 (E.D. Pa. Nov. 26, 2024) (same); see also Patriot Aviation, LLC v. New Jersey, 2007 WL 604793, at *4 (D.N.J. Feb. 20, 2007).

[8] Federal statutes can sometimes remove a state's sovereign immunity. But for the sorts of workplace discrimination claims in play here, the ADA does not do that. See Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001). And neither does the ADEA. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000).

It is true that sovereign immunity can work differently when forward-looking injunctive relief is sought.  See Ex parte Young, 209 U.S. 123, 159-60 (1908).

But that switch is only flipped when the defendant in question is an "individual state officer[]."  MCI Telecomm. Corp., 271 F.3d at 506.

And the Employer-defendant, the New Jersey Department of Corrections, is not that.  It is an agency, not an individual.

"[S]uits against . . . States and their agencies . . . are barred regardless of the relief sought."  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); see also Shahin v. Del. Dep't of Fin., 344 F. App'x 765, 766 (3d Cir. 2009); Kreiger v. Pa. Off. of Atty. Gen., 44 F. App'x 537, 537 (3d Cir. 2002).

That is, "the relief sought," an injunction, can matter where the defendant is an individual.  P.R. Aqueduct & Sewer Auth., 506 U.S. at 146.  But not where, as here, the defendant is a "State[] . . . agenc[y]."  Id.

Accordingly, the ADA and ADEA claims against the Employer, the New Jersey Department of Corrections, must be dismissed.

\*     \*     \*

Look, finally, to the ADA and ADEA claims against the Supervisor.

As to these, the back-and-forth starts out as before.  The Supervisor invokes sovereign immunity.  See Defendants' Brief at 4-6.  And the Plaintiff again says that the above-discussed sovereign-immunity exception applies --- the one for suits that seek prospective injunctive relief against individual state officials.  See Plaintiff's Brief at 4-5.

When it comes to the Supervisor, the Plaintiff seems to have the winning argument.  After all, the Supervisor is an individual, and the Plaintiff is seeking a forward-looking injunction against him.[9]

---

[9]  An injunction to give the Plaintiff an "[a]bility to volunteer for overtime," to change her everyday workplace responsibilities, and some other things.  See Complaint at 12.

4

But the counterargument from the defendants is this: the injunction the Plaintiff seeks against the Supervisor is really, in substance, a request for an injunction against her Employer, the New Jersey Department of Corrections.  The state, the argument goes, "is the real, substantial party in interest in this matter."  Reply Brief in Support of Defendants' Partial Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6) ("Defendants' Reply") (ECF 10) at 4.  And so, it is said, the state's sovereign immunity should cover the Supervisor.

This argument is not persuasive.

It cannot be squared with Ex parte Young, which allows for certain injunctive suits against a state official, even though the practical impact of these injunctions often falls on the state the official works for.  See 209 U.S. at 159-60.

Moreover, the argument is at odds with Board of Trustees of University of Alabama v. Garrett, in which the Supreme Court held that the part of the ADA invoked here by the Plaintiff[10] "can be enforced . . . in actions for injunctive relief" against individual state officials, like the Supervisor.  531 U.S. 356, 374 n.9 (2001).

And finally, the Supervisor's argument runs aground on Koslow v. Commonwealth of Pennsylvania, in which the Third Circuit held that sovereign immunity did not prevent a plaintiff from seeking (as here) prospective injunctive relief under the ADA against an employee at a state department of corrections.[11]  See 302 F.3d 161, 179 (3d Cir. 2002).

The Supervisor's motion to dismiss the ADA claim on sovereign immunity grounds must be denied.[12]

---

[10]   Title I.  See Complaint ¶¶ 67-72; Garrett, 531 U.S. at 360.

[11]   There, the state was Pennsylvania.  Koslow, 302 F.3d at 165.  Here, it is New Jersey.

[12]   The same analysis applies to the Plaintiff's ADEA claim.  It can go forward to the extent the Plaintiff seeks prospective injunctive relief against the Supervisor.  See Smith v. Sec'y of Dep't of Env't Prot. of Pa., 540 F. App'x 80, 82 (3d Cir. 2013); Dennison v. Ind. Univ. of Pa., 2022 WL 3213657, at *11 (W.D. Pa. Aug. 9, 2022), aff'd on other grounds, 2023 WL 8595426 (3d Cir. Dec. 12, 2023); Howell v. Millersville Univ. of Pa., 2017 WL

5

\* \* \*

In short:

The motion to dismiss at ECF 7 is granted as to (i) the implied covenant claims pressed against each defendant, and (ii) the ADA and ADEA claims against the Employer, the New Jersey Department of Corrections.

The motion is denied as to the ADA and ADEA claims brought against the Supervisor, to the extent the Plaintiff seeks prospective injunctive relief.[13]

IT IS on this 2nd day of February, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

3189209, at \*3 (E.D. Pa. July 27, 2017); Thelen v. Pa. State Sys. of Higher Educ., 2021 WL 3370791, at \*10 (W.D. Pa. Aug. 3, 2021).

[13] In one spot, the Complaint arguably seeks damages under the ADA and the ADEA against the Supervisor. See Complaint at 12. The Supervisor argues that these claims are barred by sovereign immunity, see Defendants' Brief at 5-6, and the Plaintiff's push-back ignores damages --- focusing only on the idea that she is indeed seeking injunctive relief. See Plaintiff's Brief at 4-5. If the Plaintiff seeks damages against the Supervisor under the ADA and/or the ADEA, then she will need to clarify her intentions during any subsequent stages of this litigation. If she does so, the Supervisor will then be afforded an opportunity to press any arguments in response.